## 10008

### WILKINS *ET AL.* v. HOWE GRAIN & MERCANTILE CO.

#### (96 S. E. 678.)

1. ACTION—CONTRACT OR TORT.—Allegations that plaintiff and defendant entered into contract, and that defendant committed breach, from which plaintiff sustained damages, stated cause of action arising *ex contractu,* even though allegations were also appropriate to action of tort based on fraud.

2. APPEAL AND ERROR — MATTERS REVIEWABLE — SAVING OBJECTIONS.— Where complaint stated causes of action both *ex contractu* and in tort, and defendant made no move to require a more definite complaint, nor to require plaintiff to elect, plaintiff cannot be confined to either on appeal on the question of sufficiency of the complaint.

3. COMPROMISE AND SETTLEMENT — PERFORMANCE OR BREACH. — Under compromise, where defendants were to pay to plaintiffs a certain amount, to be deposited in a certain bank, the defendants were guilty of a breach of contract, where they deposited the money, but immediately garnisheed.

Before SHIPP, J., Spartanburg, Fall term, 1917.  Reversed.

Action by N. W. Wilkins and W. B. Potter, partners trading as the Cowpen's Grocery Company, against the Howe Grain & Mercantile Company.  From an order of nonsuit, plaintiffs appeal.

The complaint, after alleging the partnership of plaintiffs and the corporate existence of defendant, was as follows:

(3) That heretofore, to wit, on and prior to the 28th day of September, 1916, the defendant was indebted to the plaintiffs on account of certain sales made for the defendant by the plaintiffs, and in damages on account of certain defective grain sold, shipped and delivered by the plaintiffs for the defendant.

(4) That the defendant refused to pay plaintiffs their said indebtedness, and claimed a set-off or counterclaim against the plaintiffs on account of said transaction.

(5) That on or about the 26th day of September, 1916, plaintiffs brought suit in the Court of Common Pleas for

Spartanburg county against the defendant, for recovery of said indebtedness due plaintiffs by defendant, which suit was duly brought and instituted in the Court of Common Pleas for Spartanburg county.

(6) That after the commencement of said suit, and while the same was pending, to wit, on the 28th day of September, 1916, plaintiffs and defendant agreed upon a settlement of their differences, whereby the defendant agreed to pay the plaintiffs the sum of $112.50 as an adjustment of all their differences, and to deposit in the Farmers National Bank of Howe, in the State of Texas, the said sum of money in consideration of the settlement of the differences between the plaintiffs and defendants and withdrawal of said suit.

(7) That in pursuance of said agreement the defendant did deposit in the Farmers National Bank of Howe, in the State of Texas, to the credit of the plaintiffs, the said sum of $112.50, and instructed plaintiffs that same was subject to their draft, and defendant thereby induced plaintiffs to withdraw all of said suits and release the attachment therein on certain property of the defendant in South Carolina, which plaintiffs did in good faith, and acting upon the agreement of the defendant to pay the said sum of $112.50, and upon representation of said defendant that said sum was deposited in said bank subject to plaintiff's draft.

(8) That thereafter, to wit, on or about the 29th day of September, 1916, notwithstanding the provisions of said agreement made with plaintiffs, and representations made to plaintiffs, as hereinbefore alleged, the defendant, with full knowledge thereof and with intent to defraud the plaintiffs of the sum of $112.50, instructed the Farmers National Bank of Howe, in the State of Texas, to refuse to pay the said draft, and with full knowledge that the agreement hereinabove alleged had been accepted by the plaintiffs in good faith as an adjustment of the differences between plaintiffs and defendant, and with the intent to defraud the plaintiffs of the sum of $112.50, and also, with full knowledge that

the plaintiffs herein owed the defendants nothing, the defendant caused to be issued some kind of a garnishment proceeding, which garnishment proceeding is without justification and foundation, whereby the defendant attempted to and has garnisheed the said money in said Farmers National Bank of Howe, in the State of Texas, and prevented the said bank from paying the same to plaintiffs.

(9) That the said agreement made on the said 28th day of September, 1916, to pay the plaintiffs the sum of $112.50 in settlement of all their differences, was not made by the defendant in good faith or with the intent to carry out the same, but was intended by the defendant as a subterfuge and false representation, and was a subterfuge and false representation, whereby the plaintiffs were in good faith induced by the defendant to withdraw the said suit then pending and release the attachment therein.

(10) That the said agreement was not entered into by the defendant in good faith or with the purpose of carrying out the same, but was pretensive and fraudulent, and entered into by the defendant with the deliberate purpose of inducing the plaintiffs to release the property attached, and for no other purpose.

(11) That the defendant has hereby knowingly and wilfully, with intent to cheat and defraud the plaintiffs of the just and true settlement, and deprive the plaintiffs of the proceeds thereof, fraudulently violated the terms of the said contract and agreement, to plaintiffs' great damage in the sum of, to wit, $112.50 actual damages, and $500 punitive damages.

*Messrs. Carson, Boyd & Tinsley,* for appellants, submit: *Nonsuit can only be sustained in the Supreme Court on the grounds on which the motion was made and the nonsuit granted:* 61 S. C. 404; 90 S. C. 431. *A complaint is not subject to demurrer if its allegations show that plaintiff is entitled to any relief whatever, even though it may be dif-*

*ferent from that to which the plaintiff supposes he is entitled:* 70 S. C. 572 (580) ; 70 S. C. 108 (112) ; 77 S. C. 511; 80 S. C. 223.    *As to motion to amend:* 59 S. C. 81 (87) ; 82 S. C. 12 (21) ; Code of Procedure, sec. 224; 43 S. C. 176 (186) ; 32 S. C. 319 (348) ; 24 Stat. 483; 89 S. C. 535 (538) ; 93 S. C. 30 (35).

*Messrs. Smith & DuBose* and *Sanders & DePass,* for respondent.    *Messrs. Smith & DuBose* cite : *As to granting motion for nonsuit:* 45 S. C. 569.    *As to motion to amend complaint:* 18 S. C. 315; 19 S. C. 560; 30 S. C. 575.

June 28, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order of nonsuit, on the ground that the only cause of action alleged in the complaint is founded upon fraud, and that there was no testimony tending to sustain such allegations.

As the construction of the complaint is involved, it will be reported.

The allegations of the complaint, that the plaintiff and the defendant entered into the contract therein described, and that the defendant committed a breach thereof, from which the plaintiff sustained damage, were, in themselves, sufficient to constitute a cause of action arising *ex contractu.*

There are allegations, also, not only appropriate to an action for damages arising *ex contractu,* but, to the effect, that the breach of contract was accompanied by a fraudulent act.

The allegations are also appropriate to an action of tort, committed with a fraudulent intent.

The defendant did not make a motion to require the plaintiffs to make the complaint definite and certain, or to elect upon which cause of action they would proceed to trial.

Under such circumstances this Court will not undertake to say what particular cause of action the plaintiffs have attempted to set forth, and to which they should be confined in determining the sufficiency of the complaint. *Welborn v. Dixon, 70* S. C. 108.

The pleadings show that the plaintiffs brought an action in the Court of Common Pleas for Spartanburg county, to recover a certain sum of money alleged to be due them by the defendant, a nonresident of this State, whose domicile is in the State of Texas. The plaintiffs instituted attachment proceedings, also, under which a carload of oats which had been shipped into this State by the defendant, was seized.

The plaintiffs and the defendant then agreed upon a compromise, whereby the plaintiffs agreed to accept $112.50, in settlement of their claim, and to withdraw their action and the attachment proceedings. The defendant agreed to pay the plaintiffs the sum of $112.50, which was to be deposited in the National Bank of Howe, in the State of Texas, to the credit of the plaintiffs. The plaintiffs complied with their part of the contract, and the defendant deposited the sum of $112.50 to the credit of the plaintiffs in the said bank. The defendant, however, instituted garnishment proceedings for the recovery of the said sum in the hands of the bank, which refused to honor the plaintiffs' draft.

The question is whether the conduct of the defendant, in preventing the payment of said sum to the plaintiffs, was a breach of contract for which it was liable in damages.

The defendant did not comply with all the conditions imposed upon it, when it deposited the money in the Texas bank. The law imposed upon it the additional obligation of acting in good faith, and, it failed to comply with this duty, when it undertook to use such methods as would enable it to evade performance of its contract, by preventing the money from being paid to the plaintiffs. The provision in the agreement, that the money should be deposited in the Texas

bank for the benefit of the plaintiffs, was merely inserted as a convenient method of sending it, but the intention of the parties was that it should be *paid* to the plaintiffs.

This Court will not give its sanction to the conduct of the defendant, and allow it to prevent the actual payment to the plaintiff, which justice, equity and good faith required it to make, otherwise the defendant would be allowed to take advantage of its own wrong.

Furthermore, the only reasonable inference from the defendant's answer, is, that the proceedings instituted by the defendant in the Texas Court, were to recover an amount alleged to be due by the plaintiff, *which was included in the compromise; and, therefore, could not be made the basis of another action.*

It thus clearly appears, that there was evidence at least tending to sustain the allegations of damages arising *ex contractu.*

Therefore, there was error in granting the nonsuit.

The plaintiffs made a motion to amend their complaint by making the Texas bank a party defendant, which was refused.

As the order refusing the motion to amend was based upon a misconception of the issues raised by the pleadings, it must, also, be set aside.

Reversed.